## TRUMAN CHITTENDEN *vs.* GUY CATLIN.

### *In Error.*

In an action of debt on a recognizance for the prosecution of an appeal from the judgment of a Justice of the Peace, it is not necessary to set forth in the declaration a transcript of the record of the proceedings before the Justice; but it is sufficient to set forth the proceedings with a *taliter processum fuit.* Nor is it necessary, in such case, for the party claiming the appeal to become recognized for the prosecution of the appeal, if sufficient security be given by way of recognizance entered into by others.

*Chittenden,*
*January,*
*1824.*

THIS cause came up on a writ of error from the County Court for the County of Chittenden. Catlin brought an action of debt on recognizance in the Court below *v.* Chittenden, in which he declared, "That heretofore, to wit, on the 23d day of January, 1817, the said Guy Catlin had instituted a process against Giles T. Chittenden then in life, since deceased, to compel the said Giles to acknowledge a certain deed by him executed to the said Guy Catlin, of certain lands and tenements in the town of Burlington ; which process was then pending before David Russell, Esq. Justice of the Peace for the County of Chittenden. And the execution of said deed being then and there duly proved before the said Justice, the

said Guy Catlin by the consideration of said Justice recovered judgment in his favor against the said Giles T. Chittenden—that said deed was duly proved ; and that he the said Guy recovered of the said Giles T. his costs, in and about the proving of said deed sustained, taxed at $16 80. And the said Giles then and there prayed for an appeal from said judgment, to the County Court then next to be holden at Burlington, &c.—which appeal was allowed by said Justice ; and, on that occasion, the said Truman Chittenden personally appeared before said David Russell, Justice of the Peace, as aforesaid, and acknowledged himself indebted to the said Guy Catlin in the sum of $500 00, to be levied of his goods and chattels, lands and tenements, and for want thereof on his body, if default should be made in the condition following to wit, that he the said Giles T. Chittenden should prosecute his said appeal to effect, and answer and pay all intervening damages, occasioned to the said Guy Catlin, by reason of his being charged with additional costs in case judgment should be affirmed ; as by the records thereof before the said Justice remaining, and by a transcript thereof ready to be produced in Court, may more fully appear. And the said Giles T. Chittenden having duly entered his said appeal in said County Court, such proceedings were had thereon, that at the term of said Court holden at Burlington within and for the County of Chittenden on the last Monday of February, 1819, and in the life time of the said Giles T. Chittenden, the said Guy Catlin by the consideration of said Court, recovered judgment against the said Giles on his process aforesaid—that on the 23d day of February, 1819, being the second day of said term, A. B. personally appeared, and in open Court, after being carefully examined and duly cautioned and sworn, made solemn oath, that he saw Giles T. Chittenden voluntarily sign and seal the said deed and deliver the same to the said Guy Catlin at Quebec, on the 14th day of August, 1816, and that he the said A. B. subscribed his name thereto as a witness, and that C. D. the other subscribing witness subscribed his name thereto at the same time in his presence, and thereupon the said Court did allow the said deed to be recorded. And the said Court did further adjudge that the said Guy Catlin recover of the said Giles T. Chittenden his costs, taxed at $26 48 ; all which by the files and records of said County Court and here

*Chittenden,*
January,
1824.

Chittenden
*vs.*
Catlin.

*Chittenden,*
*January,*
*1824.*

*Chittenden*
*vs.*
*Catlin.*

ready in Court to be shown will more fully appear. And the said Guy Catlin avers, that the said Giles T. Chittenden in his life time wholly failed and neglected to pay to him the said Guy his costs aforesaid; and that the said Truman Chittenden, since the decease of the said Giles has wholly failed and neglected to pay and discharge the same. And the said judgment still remains in full force, not reversed, set aside, or in any manner paid or satisfied; whereby an action hath accrued to the said Guy Catlin to demand and recover of the said Truman Chittenden the said sum of $500 00, &c."

To this declaration there was a general demurrer in the Court below, and judgment for the plaintiff: to reverse which judgment, the defendant below brought this writ of error; assigning for error, that said declaration was insufficient, and assigning also the general error.

*Adams* for the plaintiff in error.

*Robinson* for the defendant.

AIKENS J. delivered the opinion of the Court.

The error specially assigned in this case, and that on which the plaintiff relies, is that the County Court erred in deciding that the declaration and the matters therein contained, were sufficient in law for the said Guy Catlin to have and maintain his said action against the said Truman Chittenden.

In support of the error relied on, it has been urged by the plaintiff in error—1st, That there is no such process known in the law as is set forth in the declaration; and that, therefore, all the proceedings upon it were *coram non judice.* And that the proceedings before the Justice, being not of common law jurisdiction, ought to have been set forth in the declaration at large, that it might have been seen whether the Justice was acting within the limits of his authority.

By a recurrence to the 7th section of the statute regulating conveyances, 1 Vol. Stat. 191, it will be seen that the statute not only authorizes such a proceeding, but expressly denominates it (with what propriety it is not now to be determined) as it is denominated in the declaration, a process to compel the acknowledgement of a deed. There is no necessity for greater strictness in pleading in

Chittenden,
January,
1824.

Chittenden
vs.
Catlin.

this than in every other case predicated upon a record.  In every such case it is material that the facts should be pleaded with a *prout patet per recordum.*  If the Justice has acted within his jurisdiction, it is to be taken advantage of on oyer.  It would be not merely unnecessary but inconvenient and highly improper to fill up the declaration with a transcript of the whole proceedings in the case.

2.—It is insisted, that, as it does not appear from the declaration that the party claiming the appeal was recognized with the plaintiff in error for the prosecution of the appeal, the declaration is for that cause, fatally defective.  The words of the statute are " the party claiming the appeal, first becoming recognised with sufficient surety, in such sum as the Justice shall direct to the adverse party, to prosecute his appeal to effect, as is by law directed in civil cases."  But the law directing the taking of recognizances for the prosecution of appeals in civil cases (1 Vol. Stat. 53) is in its terms, as imperative upon the party to enter into the recognizance as in the clause above cited.  That statute has received a construction which is not now to be shaken, and which must govern in this case.  To give it the construction contended for, would be to stick in the letter, to the prejudice of appellants, without the possibility of any advantage to appellees.  The judgment of the County Court is therefore affirmed ; and this Court further adjudge to the defendant in error interest on the judgment below, as damages for the delay and single costs.